UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA            \*
                                    \*
    v.                              \*       No. 09-CR-0030-GZS
                                    \*
EDWARD BROWN, Defendant              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **DEFENDANT'S MOTION TO CONTINUE SENTENCING FOR THIRTY DAYS**

Now comes the Defendant, EDWARD BROWN, by and through his attorney, Michael J. Iacopino, and moves this court to continue sentencing in the above entitled matter for a period of 30 days.

In support of this motion the Defendant submits as follows:

1. The probation report in this matter was e-mailed to undersigned counsel on August 5, 2009. Sentencing had been previously scheduled for September 3, 2009. The report was not timely disclosed under Local Criminal Rule (L.Cr.R.) 32.1(c). The rule requires that the first disclosure occur 35 days prior to sentencing.

2. The cover letter of the probation officer advised counsel that a response to the report should be filed by August 18, 2009. The deadline set for response is inconsistent with the local rule in that the Defendant is permitted at least 14 days to review the probation report. See, L.Cr.R. 32.1(e). The deadline set by the probation officer did not allow for 14 days.

3. Undersigned counsel received the e-mail from probation officer late in the day on August 5, 2009. The e-mail was sent at approximately 4:45 p.m. At that time undersigned counsel was at the annual meeting of the National Association of Criminal

Defense Lawyers which was held in Boston Massachusetts from August 5, 2009, through August 8, 2009. On the evening of August 5, 2009, undersigned counsel was able to preliminarily review the report on a laptop computer but did not have printing capabilities.

4. It is undersigned counsel's normal process to read the probation report while he is in his office, to print out a copy of that report, provide it to his legal assistant and have it mailed to his client with instructions to review the report and contact counsel. In cases where the client is incarcerated undersigned counsel will speak to the Defendant by phone, if possible, and then make arrangements to visit the client and review the probation report with client.

5. In this case, undersigned counsel did not follow his normal procedure because he was out-of-state at the time that he received the probation report via e-mail. Counsel forgot to contact his assistant to make arrangements for the report to be printed and mailed to the client.

6. Undersigned counsel did not note that he had not sent the probation report to the Defendant. As of August 21, 2009, undersigned counsel had not received a telephone call from the Defendant indicating that he had received and reviewed the report. On that date, counsel for Elaine Brown advised undersigned counsel that Elaine Brown claimed that the Defendant had never received the report. Undersigned counsel then reviewed his file and confirmed that, in fact, a copy had not been sent to the Defendant. This was the first time that counsel realized that the report had not been sent to the Defendant.

7. Undersigned counsel drove to the Strafford County House of Correction on

the morning of August 24, 2009, to review the probation report with the Defendant. The Defendant indicated that he had not, in fact, received the report and indicated to undersigned counsel that he was in favor of a continuance so that he could have the appropriate amount of time to review the report. Unfortunately, due to a disagreement with counsel, not related to the report, the Defendant terminated the meeting and left the room.  Undersigned counsel has mailed a copy of the report to the Defendant.

8. The foregoing developments warrant a continuance of the sentencing in this matter for at least 30 days. Such a continuance will guarantee that the Defendant has ample opportunity to review the presentence investigation report and lodge any objections that he may have to that report. Undersigned counsel apologizes for the error in failing to get the report to the client in a more timely manner.

9. L.Cr.R. 32(1)(c)  requires disclosure of the report at least 35 days before sentencing. This was not done in this case. This error was compounded by counsel's error. Neither error was the fault of the Defendant himself.

10.  Undersigned counsel attempted to gain the assent of the Government by telephoning Assistant United States Attorney Terry Ollila. At the time of filing of this motion undersigned counsel has not yet received a response.

WHEREFORE, the Defendant respectfully moves this court to grant the following relief:

1.  Grant this motion and continue sentencing for a period of thirty (30) days; and,

2.  Grant such further relief as may be just.

| | |
|---|---|
| Date:  August 24, 2009 | Respectfully submitted<br>EDWARD BROWN by his counsel,<br>Brennan Caron Lenehan & Iacopino<br>/s/Michael J. Iacopino<br>By: Michael J. Iacopino Esq.  (NH 1233)<br>Brennan Caron Lenehan & Iacopino<br>85 Brook Street<br>Manchester N.H.   03104<br>(603) 668-8300<br>Miacopino@bclilaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2009, the above Motion to Continue Sentencing was served electronically via ECF on all counsel of record, including Assistant Federal Defender, Bjorn Lange, Assistant United States Attorney, Arnold Huftalen, Assistant United States Attorney, Terry Ollila.

s/Michael J. Iacopino
By: Michael J. Iacopino Esq.  (NH 1233)
