UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                              \*
UNITED STATES                                 \*
                                              \*
    V.                                        \*    Criminal No. 09-CR-0030-GZS
                                              \*
EDWARD BROWN                                   \*
                                              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR COMPETENCY EVALUATION PURSUANT TO 18 U.S.C. § 4241 AND FOR ANCILLARY RELIEF

NOW COMES Michael J. Iacopino, Esq., counsel for the Defendant Edward Brown, and respectfully moves this Court to order that the Defendant, be evaluated for his competency to be sentenced, and that said evaluation take place within the District of New Hampshire. Attorney Iacopino also seeks ancillary relief in the form of funds for services other than counsel to hire a forensic psychiatrist to assist Attorney Iacopino is dealng with issues raised by the Defendant's mental state.

IN SUPPORT OF THE FOREGOING, Counsel submits as follows:

1.  The Defendant is 67 years of age and was convicted of numerous felonies after trial in the above matter and faces a potential sentence in excess of forty years.

2.  Initially in this matter the Defendant refused all efforts of counsel to assist him in preparation of a defense. Eventually, the Defendant and his Co-Defendant filed a pleading with the Court that appeared to indicate that they would accept the assignment of counsel[1].  The Court appointed the undersigned as counsel.

---

[1] The pleading filed by the Defendants (Document 100) agreed that counsel could represent the "legal fictions" named in the Indictment. The balance of the pleading claimed that the "living flesh" persons are, among other things, "held harmless."

3.  Although a difficult relationship ensued throughout the appointment and trial of this matter the Defendant was minimally able to assist counsel in the preparation and presentation of a defense. However, that has now dramatically changed. The Defendant has reverted to his former intransigence and reliance on matters that can only be referred to as delusions. This is evidenced by his recent pro se pleadings as well as by the pro se filings that he has made in the past in this matter.  Most recently the Defendant exhibited his delusional thought patterns when he claimed in open court that we were operating under "English" law and that the same people who killed innocents at Auschwitz were running our country today. Before speaking about these things the Defendant in open court made sure to assert that he was a "secured party creditor and not a surety."

4.  It appears to undersigned counsel that the Defendant is acting under diminished capacity and likely suffers from a delusional disorder with both paranoid and grandiose features.  A delusional disorder is a major mental defect or disease, and is characterized in the Diagnostic Statistical Manual - IV (DSM-IV), along with schizophrenia and other psychotic mental defects.  The DSM-IV identifies delusional disorder as a mental illness whose essential feature is "the presence of one or more non-bizarre delusions that persist for at least one month." A delusion is defined as "false beliefs based on incorrect inference about external reality that persist despite the evidence to the contrary and these beliefs are not ordinarily accepted by other members of the person's culture or subculture." Delusional disorder is grouped with schizophrenia and other psychotic disorders. Undersigned counsel believes that the Defendant may suffer from this major mental defect or disease.

5.  In the past the Defendant has exhibited other delusions including;  a belief that the United States Government is secretly in bankruptcy and being operated by the UBS

Corporation and that this bankruptcy has been in existence since 1931; a belief that the Constitution of the Untied States was suspended or revoked in 1861 when Congress adjourned without  a date to reform and certain southern states seceded from the union - an event referred to as "sine die;" that "commercial law" is the only true law.

6.  The Defendant has filed numerous pleadings and notices with this Court, all of which are clearly based upon his delusions pertaining to the source of law and government.

7. It appears that the Defendant's mental state has deteriorated to the point where he now will not communicate with counsel rendering him incapable pof assisting counsel in the sentencing process.

8. Counsel respectfully suggests that the foregoing delusions are more than adequate evidence that the Defendant may suffer from a mental disease or defect that inhibits his rational understanding of the criminal justice process, the role of the Court, the prosecution, and the role that defense counsel may play in a criminal trial and at sentencing.  Additionally, counsel respectfully suggests that the Defendant's delusional disorder substantially interferes with his ability to rationally communicate with counsel and also renders him incapable of representing himself on a *pro se* basis.

9.  While counsel is aware of this Court's previous Order pertaining to competency, and recognizes the Court's obligation to inquire, on its own motion, with respect to competency to stand trial, it appears to undersigned counsel that even on the record of this Court's recent hearing, the Defendant exhibited his delusional disorders to a degree that would require a competency evaluation as contemplated under 18 U.S.C. § 4241.

10.  Additionally counsel seeks funds for service other than counsel for the puposes

of retaining a forensic psychiatrist to assist counsel in dealing with these issues. Counsel suggests   Dr. Eric Drogin, a forensic psychiatrist from Portsmouth, N.H., who has expressed his interest in this matter. The sum of $2,500.00 is initially sought to retain his services.

WHEREFORE, counsel respectfully moves that this Court grant the following relief:

A.  Grant this Motion and order that a competency evaluation pursuant to 18 U.S.C. §4241 of Edward Brown be conducted; and,

B.  Order that the aforementioned competency evaluation occur in the District of New Hampshire; and,

C.  Allow funds for services other than counsel in the amount of $2,500.00 for the purposes of retaining a forensic psychiatrist; and,

D.  Once a competency evaluation has been conducted, schedule a hearing to determine whether the Defendant is competent to stand trial; and,

E. Grant    such    further    relief    as    may    be    just.


Date: September 11, 2009

Respectfully submitted,
BRENNAN CARON LENEHAN & IACOPINO
By: /s/Michael J. Iacopino
    Michael J. Iacopino, Esq. (Bar No. 1233)
    85 Brook Street
    Manchester, NH 03104
    (603) 668-8300
    miacopino@bclilaw.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Assented to Motion to Continue Trial for Ninety Days was served on the following person, even date herewith, and in the manner specified herein: electronically served through ECF:  Assistant United States Attorney Arnold Huftalen, James C.  Cleveland Federal Bldg., 55 Pleasant St., Room 352, Concord, NH 03301-3941.

/s/Michael J. Iacopino
Michael J.  Iacopino, Esq. (Bar No. 1233)