UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                                                             Cr. No. 09-30-GZS

EDWARD BROWN and
ELAINE BROWN

**Government's Partial Objection to Motion for Competency Evaluation
Pursuant to 18 U.S.C. § 4241 and for Ancillary Relief (document # 204)**

On September 11, 2009, Attorney Michael Iacopino, counsel for Edward Brown, filed a Motion asking the Court to order three things. First that a competency evaluation of defendant Edward Brown be conducted pursuant to 18 U.S.C. § 4241. Second, that the evaluation be conducted in the District of New Hampshire. And, third, that the Court authorize $2,500 for services other than counsel to retain a forensic psychiatrist.

For the reasons set forth below, although the government does not believe there is the requisite "reasonable cause" to require a competency evaluation it does not object to such, but the government does object to the other relief sought.

It is important to note that Attorney Iacopino's concern relates exclusively to sentencing and does not relate to the trial of this matter.[1] Also, the basis upon which defense counsel moves

---

[1] Specifically, at paragraph 3 of the Motion, Attorney Iacopino states that "[a]lthough a difficult relationship ensued [after counsel was appointed to represent the defendant] throughout the appointment and trial of this matter the Defendant was minimally able to assist counsel in the preparation and presentation of a defense. However, that has now dramatically changed." Additionally, the Court, defense counsel and the government repeatedly reviewed and addressed the issue of competence prior to trial. Due to the nature of statements made and pleading filed by the defendant, the issue of competence was first raised by the government in a Motion for Status Conference filed on March 6, 2009 (document #24). The Court directly addressed the issue at the Status Conference held March 11, 2209 and advised all counsel and the defendant that the Court would be keeping a close eye on the issue. Finally, on June 2, 2009, the Court issued Competency Findings as to Edward Brown (document # 96) in which the Court stated, "[i]n the Court's current assessment of all its written and oral interactions with this Defendant, it is

for the competency evaluation appear to be, *inter alia*, the Defendant's refusal to communicate with counsel and the Court in a meaningful way. Although defense counsel fills the record with references to various possible mental diseases, and notes comments by the defendant that clearly suggest his thoughts regarding the judicial system are outside the mainstream[2], such statements and unschooled diagnostic references by defense counsel do not give rise to the "reasonable cause" required under the statute, and the Court would be justified in denying the Motion.

The law in the First Circuit is clear that a District Court's decision to not hold a competency hearing will be reviewed for abuse of discretion and will be affirmed as long as there was a sufficient evidentiary basis to support that decision. *United States v. Sanchez-Ramirez*,

---

overwhelmingly clear that Edward Brown does not have a mental disease or defect rendering him incompetent." Document # 96, Competency Findings as to Edward Brown @ p. 4. No objections were filed to those findings, nor did the defendant or defense counsel thereafter suggest or state that the Defendant's competence was in question. Consequently, the issue before the Court is limited to whether the Defendant is "presently suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him [,the sentencing,] or to assist properly in his defense." 18 U.S.C. § 4241(a).

[2] In *United States v. Riley et al*, Cr. No. 07-189-GZS, co-defendant Daniel Riley made many similar statements reflective of a belief system similar to the Defendant's. Mr. Riley, upon motion of his defense counsel after trial but before sentencing, was examined by the Bureau of Prisons and this Court found him competent. In so doing the Court hear testimony from Dr. Christine Scronce, a clinical psychologist employed at the Federal Medical Center in Devens, MA. Similar concerns of delusion were raised by Mr. Riley's defense counsel. In opining that Mr. Rile was not delusion Dr. Scronce testified, in part, that, "delusion is defined as a fixed false belief a person adheres to no matter what the evidence countering that belief, and an important consideration in deciding whether a belief is delusional versus something that is an over-valued idea, some type of ideology, is whether the belief is consistent with that person's background or culture or subculture of an individual. So is this an idea that springs from mental illness, idiosyncratic that's specific to the person, or is this part of a set of ideas that many people believe in?" Transcript of October 28, 2008 competency hearing @ pp. 16-17; Document # 612. Dr. Scronce went on to state, "the fact that what [Mr. Riley] was saying was very much consistent with the ideas of a number of people that are part of the so-called anti-government or sovereign citizens movements were significant to me." *Id*. @ p. 17. Dr. Scronce opined that Mr. Riley, who uttered many of the same statements Mr. Brown has uttered, was competent.

570 F.3d 75, 80 (1ˢᵗ Cir. 2009) (citing *United States v. Bruck*, 152 F.3d 40, 46 (1ˢᵗ Cir. 1998)). *See also, United States v. Gonzalez-Ramirez*, 561 F.3d 22 (1ˢᵗ Cir. 2009).

However, because the issue of competence has been raised directly by defense counsel, and it is defense counsel who is, and has been, most intimately involved with the defendant (*see United States v. Muriel Cruz*, 412 F.3d 9, 13 (1ˢᵗ Cir. 2005)("defense counsel enjoys a unique vantage for observing whether her client is competent ... (citations omitted))), the government submits that a minimal delay in the sentencing so that the Bureau of Prisons can conduct a competency evaluation, and put the issue to bed once and for all may be the more prudent course.

However, the government does object to the Court ordering a competency evaluation to be conducted in the District of New Hampshire, and it objects to the Court authorizing $2,500 for the retention of a forensic psychiatrist. The government requests that if the Court orders a competency evaluation, that pursuant to 18 U.S.C. § 4247(b) the defendant be examined by a psychiatrist or psychologist at the Bureau of Prisons (BOP), as is done frequently in situations where the defendant is in custody. Such an inpatient examination, as opposed to what defense counsel suggests, allows appropriate time for not only examination and testing but for observation, which often times appears to be critical to an accurate diagnosis. If after that BOP examination is concluded, and the report is prepared, defense counsel or the defendant believe a separate examination is necessary such is authorized by the statute with Court approval. WHEREFORE, although the government submits that the requisite "reasonable cause" does not exist to order a competency evaluation, it does not object to the Motion. It does, however, object to the request that the examination be conducted in the District of New Hampshire, and it does object to the request for $2,500 to retain a forensic psychiatrist, at this stage.

September 17, 2009                               Respectfully submitted,

                                                            John P. Kacavas
                                                            United States Attorney

                                        By:  /s/ Arnold H. Huftalen
                                                     Arnold H. Huftalen
                                                     Assistant U.S. Attorney
                                                     N.H. Bar Assoc. No. 1215
                                                   53 Pleasant Street, 4th Floor
                                                   Concord, New Hampshire 03301
                                                   (603) 225-1552

<u>Certification of Service</u>

    I certify that service is being made of this pleading upon counsel for each defendant, Michael J. Iacopino and Bjorn Lange respectively, via ecf filing notice.

                                                             /s/ Arnold H. Huftalen
                                                             Arnold H. Huftalen
                                                             Assistant U.S. Attorney