UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA          \*
                                  \*
v.                                \*     No. 09-CR-0030-GZS
                                  \*
EDWARD BROWN                      \*
Defendant                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S SENTENCING MEMORANDUM
WITH REQUEST FOR CRIMINAL HISTORY DEPARTURE
AND NON-GUIDELINE SENTENCE**

The Defendant, EDWARD BROWN, by his counsel Michael J. Iacopino and Brennan Caron Lenehan & Iacopino respectfully submits the following sentencing arguments:

### I. SENTENCING GUIDELINE ISSUES

#### A.  The Criminal History Category Assigned by the PSIR Overstates the Seriousness of the Defendant's Criminal Record and the Likelihood that He Will Commit Further Crimes

The PSIR assigns six criminal history points to the Defendant. The criminal history points all arise from the Defendant's conduct leading to his conviction in the underlying tax case or from conduct alleged in the instant indictment. From age 17 to age 65 the Defendant had no criminal convictions. The only conviction that preceded his conviction in the tax case occurred in 1960 when he was 17 years old. The Defendant subsequently earned a gubernatorial pardon from that conviction in 1976. See, PSIR ¶ 100. Over the years the Defendant has been steadily employed in various capacities. Criminal History Category III overstates the true nature of the Defendant's criminal record. His history is more appropriate for Criminal History Category II pursuant

to U.S.S.G. § 4A1.3(b)(1). Assignment to Criminal History Category II would be within the limitation set by U.S.S.G. § 4A1.3(b)(3)(A). Therefore this Court should depart by one criminal history category and assign the Defendant to Criminal History Category II.

Additionally as discussed more fully below, the Defendant will be subject to an extremely lengthy mandatory minimum sentence that further ensures that he is at low risk to commit crimes in the future.

### B. The Defendant Should Not Receive a Three Point Increase Pursuant to USSG § 3C1.3 Because At the Time That the Crimes Set Forth In Counts I, II, V, and VII Were Committed His Release Had Been Revoked

U.S.S.G. § 3C1.3 implements the provisions of 18 U.S.C. § 3147. The statute requires a consecutive sentence of up to ten years for any person who is convicted of an offense "committed while released under this chapter." The chapter reference is to 18 U.S.C. Ch. 207, the chapter that contains the bail statute. In this case the application of this adjustment is mistaken because the Defendant at the time of the crimes set forth in Counts I, II, V, and VII of the indictment was no longer released under the bail statute. In fact, his release under the bail statute had been terminated by the issuance of a bench warrant when he failed to appear for trial. If §3147 is interpreted as suggested in the PSIR then any person who had ever been released under the bail statute would forever be subject to the enhanced penalty provision - even if the case in which the release order was issued had terminated. The three level adjustment suggested in the PSIR should not be sustained.

### C. The Defendant Should Receive a Two Point Reduction for Acceptance of Responsibility

The Defendant testified in this case. Although he may have been at times surly

and disorganized in his testimony he testified truthfully. In fact he admitted essentially every element of each offense when examined by the prosecutor. It is clear from the record in this case that the Defendant did not deny the essential factual elements of guilt and went to trial for primarily political purposes. This is exactly the situation envisioned by Commentary Note 2 to U.S.S.G. § 3E1.1 and therefore the Defendant should receive a two point downward adjustment.

### D. Guideline Calculation

The Defendant's Combined Offense Level under the Sentencing Guidelines should be 32 after correction for the erroneous application of U.S.S.G. § 3C1.3.

The Defendant should receive a two level downward adjustment for acceptance pursuant to Note 2, U.S.S.G. § 3E1.1. The Total Offense Level should be 30.

A Total Offense Level of 30 in Criminal History Category II yields a range of imprisonment of 108 -135 months.

### II. THE COURT SHOULD DISREGARD THE GUIDELINES IN THIS CASE IN THE LIGHT OF THE SEVERE MANDATORY MINIMUM SENTENCE REQUIRED BY COUNT III OF THE INDICTMENT.

The United States Sentencing Guidelines are but one factor that a sentencing court must consider in determining an appropriate sentence. *See, Gall v. United States, 552* U.S. 38, 128 S.Ct. 586 (2007); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Martin*, 520 F.3d 87,(1st Cir., 2008); *United States v. Jiminez-Beltre,* 440 F.3d 514 (1st Cir., 2006)(*En Banc*). A guideline calculation may be considered as a "starting point" or an "initial benchmark."  The Court still must apply the "sundry factors delineated in 18 U.S.C. § 3553(a)" in arriving at an appropriate discretionary sentence. *See, United States v. Martin*, 520 F.3d 87, 91 (1st Cir.,2008). The Court must consider

the nature of the offenses and also consider the history and characteristics of the defendant. See, 18 U.S.C. § 3553 (a). Flexibility based upon the individual circumstances of each case is the hallmark of appropriate sentencing. *Id*. The court should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Martin*, at 91, *citing, Gall v. United States*, 128 S. Ct. at 598. A sentence should be "sufficient but not greater than necessary" to achieve the goals and purposes of sentencing as set forth at 18 U.S.C. 3553(a).

18 U.S.C. § 3553(a) requires the Court to impose a sentence that is sufficient but not greater than necessary to (A) reflect the seriousness of the offense, promote respect for the law, and to provide just punishment; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In this case the minimum mandatory sentence required by 18 U.S.C. 924 (c) on Count III of the Indictment is more than sufficient to accomplish each of the sentencing goals set forth in 18 U.S.C. § 3553 (a). *See, United States v. Vidal-Reyes*, 562 F. 3d 43 (1st Cir., 2009)(Holding that a mandatory minimum sentence may be taken into account by the sentencing court as it bears on the relevant sentencing factors set forth in 18 U.S.C. 3553(a.))

The sufficiency of the minimum mandatory sentence required by Count III is demonstrated whether the Court analyzes each factor in isolation or, as required by the First Circuit, considers the statute as a "tapestry through which runs the thread of an overarching principle." *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir., 2008).

There is no question that the crimes of conviction in this case are serious in nature. Nonetheless it is also true that the Defendant did not commit the far more serious crimes that would result had he shot or exploded weapons or made a significant attempt to harm law enforcement officers or civilians. In addition to the nature of the offenses, the Court must consider the history and circumstances of the defendant. Most relevant in this case is the Defendant's age. He is 67 years old. Upon completion of a 30 year minimum mandatory sentence the Defendant will be at least 92 years old[1]. Surviving such a sentence is not likely for the Defendant as his life expectancy, based upon actuarial tables, is between 15.2 and 18.7 years[2]. A thirty year sentence for Mr. Brown is literally and figuratively a life sentence. Life sentences are generally reserved for those who commit the most heinous of crimes such as murder. While Mr. Brown's crimes are serious they do not amount to, or approach, murder. No shots were fired, no explosives were detonated and no one was injured as a result of Mr. Brown's crimes. Requiring Mr. Brown to serve a sentence of 210 to 262 months (or even a sentence of 108 months) before serving a 30 year mandatory sentence flies in the face of each of the goals of sentencing set forth at 18 U.S.C.3553 (a).

Any sentence in excess of 30 years fails to reflect the true level of seriousness of the offense in this case. A sentence in excess of thirty years is far more than is necessary to reflect the serious nature of the Defendant's crimes. Such severe punishment cannot be considered to be just punishment in a case where the Defendant did not physically harm any person. Moreover such severe punishment would promote disrespect rather

---

[1] The Defendant's age upon completion of the minimum mandatary sentence is calculated after factoring in the earned good time credit policy of the Bureau of Prisons.

[2] Source: *Statistical Abstract of the United States* as reprinted in the 2009 *New Hampshire Law Directory and Daybook* (copy attached to PSIR.)

than respect for the law because it is not within the range of reality or proportionality.

Part I Article 18 of the New Hampshire Constitution is instructive in this regard:

> **[Art.] 18. [Penalties to be Proportioned to Offenses; True Design of Punishment.]** All penalties ought to be proportioned to the nature of the offense. No wise legislature will affix the same punishment to the crimes of theft, forgery, and the like, which they do to those of murder and treason. Where the same undistinguishing severity is exerted against all offenses, the people are led to forget the real distinction in the crimes themselves, and to commit the most flagrant with as little compunction as they do the lightest offenses. For the same reason a multitude of sanguinary laws is both impolitic and unjust. The true design of all punishments being to reform, not to exterminate mankind.

A sentence in excess of thirty years does not comport with 18 U.S.C. 3553(a)(2)(A).

It should also be noted that 18 U.S.C. § 3553(a)(2)(B) requires a sentence to afford "adequate deterrence" to criminal conduct. A sentence of thirty years is an extremely long sentence regardless of the age of the offender. It is more than adequate to specifically deter Mr. Brown or any other person from similar criminal conduct in the future. Moreover it imprisons Mr. Brown for such a long period of time that it may be considered to be an "absolute deterrent" rather than an "adequate deterrent." Such absolute deterrence, otherwise known as incapacitation, also ensures that the public is protected from further crimes of the Defendant . See, 18 U.S.C. § 3553(a)(2)(C). A sentence of 30 years is more than adequate to deter similar criminal conduct and protect the public. Finally it is beyond dispute that a sentence of thirty years is more than sufficient to provide educational, vocation and medical care for the Defendant according to his needs. See, 18 U.S.C. §3553(a)(2)(D). In short, imposing a sentence in excess of the 30 year mandatory minimum sentence required by Count III of the Indictment actually frustrates rather than accomplish the goals of the federal sentencing statute. Therefore this Court should decline to impose a Guideline sentence over and above the minimum

mandatory sentence required by Cont III of the indictment and rather impose a total sentence of 361 months.

### III. CONCLUSION

The Court, in order to sentence this Defendant within the strictures of 18 U.S.C. w3553 (a), should impose a sentence of no more than 361 months.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | EDWARD BROWN, Defendant |
|  | By his Attorneys, |
|  | BRENNAN, CARON, LENEHAN & IACOPINO |
| Date: January 8, 2010 | By:/s/Michael J. Iacopino |
|  | Michael J. Iacopino, Esq. (Bar No. 1233) |
|  | 85 Brook Street |
|  | Manchester, NH 03104 |
|  | (603) 668-8300 |
|  | Miacopino@bclilaw.com |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served on the following person, even date herewith, postage prepaid: Assistant United States Attorneys Arnold Huftalen and Terry Ollila, United States Attorney's Office, James C. Cleveland Federal Bldg., 55 Pleasant St., Room 352, Concord, NH 03301-3941 and to USPO Kevin Lavigne via e-mail.

/s/Michael J. Iacopino
Michael J. Iacopino, Esq. (Bar No. 1233)