UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**UNITED STATES OF AMERICA**

      V.                                            Cr. No. 09-30-01-GZS

**EDWARD BROWN and
ELAINE BROWN**

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum in response to Defendant Edward Brown's <u>Sentencing Memorandum with Request for Criminal History Departure and Non-Guideline Sentence</u> (Docket #238).

The defendant raises four issues. First, he asks the Court to depart downward based upon Section 4A1.3 of the United States Sentencing Guidelines ("USSG" or "Guideline"), claiming that the PSI overstates his criminal history. Second, he objects to the three point enhancement included in the PSI pursuant to Section 3C1.1 of the Guidelines, claiming that he was not "on release" at the time he committed man of the crimes of which he stands convicted. Third, he objects to the fact that he did not receive a two point reduction for acceptance of responsibility. And fourth, he asks the Court to grant a *Booker* variance from the putative guideline range of 570 to 622 months (range of 210 to 262 plus 360 equals 570 to 622; *see* PSI at ¶¶ 121 & 123), as found in the PSI, to 361 months, thirty days more than the minimum sentence required on Count Three. None of the

defendant's arguments have merit and they should be overruled.

## 4A1.3 Downward Departure

The first guideline issue raised by the defendant is a request for a downward departure, pursuant to Guidelines Section 4A1.3(b), which states:

> (b) Downward Departures.--
> (1) Standard for Downward Departure.--If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

USSG §4A1.3(b).

A Court may departure if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  18 U.S.C. § 3553(b). "The defendant bears the burden of proving that he is eligible for a downward departure."  *United States v. Craven*, 358 F.3d 11, 15 (1st Cir. 2004)(citing *United States v. Sachdev*, 279 F.3d 25, 28 (1st Cir.2002)).

In support of this departure, the defendant points out that his 6 criminal history points "all arise from [his] conduct leading to his conviction in the underlying tax case or from conduct alleged in the instant indictment" (Defendant's Sentencing Memorandum (docket #238) at p. 1), and that he had no

criminal convictions between the ages of 17 and 65.[1]  *Id.*

There is no factual dispute that the defendant was engaged in serious criminal conduct, for which he was convicted and sentenced to 63 months in April of 2007, which resulted in the assessment of 3 criminal history points (PSI at ¶ 101).  He committed the crimes for which he is now to be sentenced "while under a criminal justice sentence" which resulted in the assessment of an additional 2 criminal history points (PSI at ¶ 103).  Additionally, he "committed the instant offense while ... under escape status" for which another 1 criminal history point was assessed.  He has earned 6 criminal history points.

The defendant states nothing but the obvious.  The fact that the six criminal history points are all related to his recent criminal course of conduct is a factually correct statement, but it is not the basis for a departure.  The defendant has provided no facts or argument that would encourage this Court to find that there exists a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission."  18 U.S.C. § 3553(b).

**3C1.1 3 Point Enhancement**

The PSI states "[p]ursuant to USSG §3C1.3, there is a three

---

[1] Paragraph 100 of the PSI notes that the defendant was convicted of Armed Assault to Rob in 1960 for which a pardon was granted in 1976.

level increase because the defendant committed the instant offense while on release for the federal tax offenses in Dkt. #06-CR-71-02-SM."  PSI at ¶¶ 59, 65, 72 & 79.

Section 3C1.1 of the Guidelines, which replaced Section 2J1.7, simply states "[i]f a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels."  USSG § 3C1.3.

Title 18, United States Code, Section 3147 states:

> § 3147. Penalty for an offense committed while on release
> A person convicted of an offense committed <u>while released under this chapter</u> shall be sentenced, in addition to the sentence prescribed for the offense to--
> (1) a term of imprisonment of not more than ten years if the offense is a felony; or
> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. §3147. (Emphasis added).

The defendant does not contest that he was released on bail during his tax trial,[2] rather he argues that because an arrest warrant was issued while he was on release, somehow he was no longer on release.  He was released on bail pursuant to Chapter 207 of Title 18.  *See* government trial exhibit 1a-2.  He failed to appear for the continuation of his trial and for his

---

[2] At trial the government introduced a certified copy of the Release Order which set conditions of release for the defendant in the tax trial, U.S. v. Edward Lewis Brown.  *See* government trial exhibit 1a-2.

sentencing. He thereafter, while still on release, engaged in the numerous other crimes of which he has now been convicted.

The defendant cavalierly suggests that the Probation Department has misconstrued 18 U.S.C. § 3147. It has not. If someone commits an offense while on release that defendant's sentence is enhanced. See *U.S. v. Randall*, 287 F.3d 27 (1st Cir. 2002)(applying USSG § 2J1.7, which was moved to, and became, USSG § 3C1.3); *see also, U.S. v. Dison*, 573 F.3d 204 (5th Cir. 2004)(defendant convicted of failing to surrender for service of sentence under 18 U.S.C. § 3146 and Fifth Circuit affirmed USSG 3C1.3 and 18 U.S.C. § 3147 3 level enhancement).

**Acceptance of Responsibility**

The defendant contends that notwithstanding the nine months he defied the Courts, amassing arms and threatening to kill any law enforcement officer(s) who attempted to effectuate the lawful orders of the Court, and the lengthy trial that he forced rather than pleading guilty, he should be rewarded with a 2 level reduction in his offense level for "acceptance of responsibility." Defense counsel claims that Edward Brown's reason for going to trial "is exactly the situation envisioned by Commentary Note 2 to U.S.S.G. § 3E1.1 and therefore the defendant should receive a two point downward adjustment." Defendant's Memo at p. 3. Defense counsel could not be more wrong.

Application Note 2 to USSG § 3E1.1 states:

> 2. This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

USSG § 3E1.1 Application Note 2.

The defendant did not go to trial to preserve a Constitutional issue, nor did he in good faith go to trial to challenge the applicability of a statute to his conduct. He went to trial on all counts claiming that he was not guilty of any crimes. He denied, and still denies, his guilt. Although he testified at trial, in so doing he did not admit all of the elements of the crimes charged. He repeatedly, and specifically, denied, through his testimony and through arguments of counsel, that he had the *mens rea* required to be convicted. Such is inconsistent with the clearly established case law in the First Circuit, which holds to the contrary even where a defendant pleads guilty but contests a sentencing issue. *See e.g. U.S. v. Garrasteguy*, 559 F.3d 34 (1st Cir. 2009)(defendant plead guilty

but contested drug weight); *U.S. v. Gorsuch*, 404 F.3d 543 (1st Cir. 2005)(District Court reversed for awarding acceptance credit post trial where District Court found defendant lacked *mens rea*); *U.S. v. Mikutowicz*, 365 F.3d 65 (1st Cir. 2004)(District Court found defendant had admitted essential factual elements of guilt before trial and went to trial to contest willfulness; grant of acceptance credit reversed as clearly erroneous); *U.S. v. Bello*, 194 F.3d 18 (1st Cir. 1999)(defendant did not deny *actus reas* but unsuccessfully denied criminal responsibility on ground of self defense).

The defendant has consistently denied acting with any culpable mental state.  His theory of defense at trial was that after his comrade at arms, Daniel Riley, was taken into custody he was some how authorized to take up arms against the government.  However, he has never articulated a theory for his massing of arms and his failure to self surrender, all of which predated the event involving Mr. Riley.

### *Booker* **Variance**

Among the factors that the Court must consider in determining a reasonable and just sentence are the nature and circumstances of the offense and the defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to

criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care or other correctional treatment.  18 U.S.C. § 3553(a). Although the Court clearly has the legal authority to impose a sentence below the advisory guideline range, which as suggested in the PSI, before the minimum mandatory sentence of 360 months for Count Three, is 210 to 262 months (*see* PSI at ¶¶ 121 & 123), there is nothing in this case that would support such a variance. The government will address this issue at sentencing.

**Conclusion**

The government respectfully requests that the defendant's arguments be overruled and that the Court impose a sentence within the advisory guideline range of 210 and 262 months, followed by a consecutive minimum mandatory sentence of 360 months, for a total sentence of between 570 and 622 months.

January 10, 2010

                          Respectfully submitted,

                          John P. Kacavas
                          United States Attorney

By:   /s/ Arnold H. Huftalen
       Arnold H. Huftalen
       Assistant U. S. Attorney
       NH Bar No. 1215
       53 Pleasant St., 4th Floor
       Concord, New Hampshire 03301
       (603) 225-1552

By:   /s/ Terry L. Ollila
       Terry L. Ollila
       Assistant U. S. Attorney
       NH Bar No. 560603
       53 Pleasant St., 4th Floor
       Concord, New Hampshire 03301
       (603) 225-1552

## Certificate of Service

    I certify that on this date a copy of this Memorandum has been served upon defense counsel of record, through ecf filing notice, and that a copy is being forwarded to the Probation Department via .pdf e-mail attachment.

                                  /s/ Arnold H. Huftalen
                                  Arnold H. Huftalen
                                  Assistant U. S. Attorney