UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:09-cr-30-02-GZS |
| | ) | |
| ELAINE BROWN | ) | |

**GOVERNEMNT'S OBJECTION TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER, Docket # 285**

The defendant has filed a Motion for Relief from Judgment or Order, pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6), asking the Court "to review her sentence." Motion p. 7. For the reasons set forth below, the Court lacks jurisdiction to entertain the Motion and therefore it must be denied.

The history of the defendant's case is as follows:

On July 9, 2009 the defendant was convicted by a jury of Counts 1, 2, 4, 6, 8, and 11.

On July 15, 2009 the defendant filed a Motion for New Trial and Ancillary Relief.

On September 24, 2009 this Court denied the Motion for New Trial and Ancillary Relief.

On October 2, 2009 Judgment was entered and the defendant was sentenced to 420 months.

On October 8, 2009 the defendant filed a Notice of Appeal.

On January 20, 2012 the Court of Appeals affirmed the defendant's conviction.

On February 13, 2012 the Court of Appeals issued the Mandate in the defendant's appeal.

On January 14, 2013 the defendant filed a petition, under 28 U.S.C. §2255, to vacate sentence.

On May 17, 2013 a Recommended Decision was issued recommending the 2255 Petition be dismissed with prejudice and that a certificate of appealability should not issue.

On June 7, 2013 an Order was entered approving the Report and Recommendation of May 17, 2013.

On June 7, 2013 Judgment was issued in accordance with the Report and Recommendation of May 17, 2013.

On April 14, 2014 the defendant filed a 2255 Petition with the Court of Appeals.

On April 23, 2014 the Court of Appeals issued Judgment denying Mrs. Brown's Motion for Leave to file a second or successive 28 U.S.C. 2255 Petition.

On November 3, 2014, in this Court, the defendant filed the instant "Motion for Relief from a Judgment or Order" relying upon Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").

In <u>Munoz v. United States</u>, 331 F.3d 151, 152-53 (1st Cir. 2003) the Court of Appeals held that a motion made under Rule 60(b) should be treated as a second, or successive habeas petition if, but only if, the factual predicate in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.  <u>Id</u>. (citing <u>Rodwell v. Pope</u>, 324 F.3d 66, 67 (1st Cir. 2003)). But, if the factual predicate attacks only the manner in which the earlier habeas judgment has been procured then the motion may be adjudicated under Rule 60(b). Here, the defendant is not attacking the manner in which her prior habeas judgment was procured and therefore Rule 60(b) is not the appropriate vehicle through which to seek a sentence reduction. Consequently, unless her Motion can be treated as a second or subsequent habeas petition, which it cannot be, it must be denied.

As noted above, Mrs. Brown has previously prosecuted a habeas petition, which this Court denied and upon which judgment was entered May 17, 2013.  She then, on April 14, 2014, filed a 2255 petition with the Court of Appeals, which, on April 23, 2014, denied her motion to file a second or successive 2255 petition.  A second or subsequent petition may only be brought if certified by a panel of the Court of Appeals.  28 U.S.C. § 2255(h).  Since Mrs. Brown has not sought, let alone received, the required authorization from the Court of Appeals, this Court lacks

jurisdiction over her Rule 60(b) Motion and must therefore dismiss it.

Numerous Courts have recognized that Rule 60(b) is not, except in limited circumstances, an appropriate vehicle to set aside a conviction or to reduce a sentence.  See e.g. United States v. Wallace, 82 Fed.Appx. 701, 2003 WL 22927345 (C.A.1 (R.I.)). ("Neither the district court nor the government remarked on the obvious proposition that Rule 60(b) of the Federal Rules of Civil Procedure is an inappropriate procedural vehicle to vacate a criminal conviction."); United States v. Mortimer, 256 Fed. Appx. 468 (3d Cir.2007) ("The District Court did not err in denying Mortimer's Rule 60(b) motion. As the court explained, Rule 60(b) of the Federal Rules of Civil Procedure is not the proper vehicle for Mortimer to challenge his sentence, as that rule applies to civil, not criminal, cases. See Fed.R.Civ.P. 60(b). Moreover, we see no error in the court declining to construe Mortimer's motion as a motion to correct his sentence pursuant to 28 U.S.C. § 2255."); United States v. Pope, 124 Fed. Appx. 680, 682 (2d Cir.2005) ("This motion is not an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern "suits of a civil nature." Fed.R.Civ.P. 1. While a Rule 60(b) motion may be used "to set aside a habeas denial" in limited circumstances, it "does not itself seek habeas relief." Harris v. United States, 367 F.3d 74, 80 (2d Cir.2004).  Here, defendant was not seeking to set aside a denial of habeas relief, since he never sought such relief in the form of a motion under 28 U.S.C. § 2255."); United States v. Platts 2014 WL 4450077 (W.D. Pa.).

Although a Rule 60(b) Motion may be used to attack the manner in which an earlier 2255 Judgment was procured, but not the underlying sentence or conviction, that is not the case here.  A previous 2255 Petition has been denied in this Court, and the Court of Appeals thereafter denied the defendant's request to file a second or subsequent Petition.  Mrs. Brown has not

sought further relief in the Court of Appeals.  Because the defendant is not seeking to challenge the adjudication of any pending civil matter, this Court is without jurisdiction and the Motion must be denied.

December 5, 2014                                        Respectfully submitted,

                                              JOHN P. KACAVAS
                                              United States Attorney

/s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney
NH Bar Association # 1215
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552
arnold.huftalen@usdoj.gov

## CERTIFICATION OF SERVICE

I certify that a copy of this Objection has been served upon the defendant via U.S. Mail and upon prior counsel for defendant Elaine Brown, Bjorn Lange, Esq., via ECF filing notice, this date, December 5, 2014.

/s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney