UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Elaine Brown
   Petitioner

2015 JAN 13 A 11: 29

v.

Case # 1-09-cr-30-02-GZS

United States of America
   Respondent

************************************************************

PETITIONER'S REBUTTAL TO GOVERNMENT'S OPPOSITION TO SUBMITTED
MOTION PURSUANT TO RULE 60(b)(2)

************************************************************

COMES NOW the petitioner in the aforementioned case, proceeding pro se, respectfully disagreeing with the government's response to her submitted motion pursuant to Fed. Rule of Civ. P. 60(b)(2), as under the standard of review, it clearly states:

> The court may set aside a default judgment as provided by Federal Rule of Civil Procedure 60(b). Under said rule, the court may relieve a party from a final judgment, because of mistake, inadvertence, surprise, excusable neglect, and newly discovered evidence. The court can also grant relief due to misrepresentation, or misconduct by an opposing party. Under said rule, plaintiff must show that if hte judgment is set aside, she has the right to mount a potentially meritous claim or defense. Nansamba, 727 F. 3d at 37-38.

As the government reiterated, Ms. Brown did indeed file petitions for relief previously, as was her right, pursuant to 28 USC§2255. This petition is not a motion pursuant to 28 USC§2255, nor is it intended to be. Due to new evidence that will clearly show that certain factual elements that were used to help convict Ms. Brown, are now questionable, the petitioner has a constitutional right to bring to light said evidence under Rule 60. The petitioner in this matter is attacking the way her conviction was brought about. Newly acquired knowledge attacks the validity of evidence used to secure a guilty

verdict. The question of mental competence comes into question, when realization of not being aware of one's actions at the time of the alleged crime, is brought to light. The law does not waver here. In Castro v. United States, No. 02-6683, 124 S.Ct. 786, the court held: even fully informed district courts that try their best not to harm pro se litigants by recharacterizing, may nonetheless end up doing so, because they cannot predict and protect against every possible adverse effect that may follow from the recharacterization.

As the government pointed out, the petitioner has filed prior petitions to the correct courts having jurisdiction. This motion was not meant to be a §2255. Even though the question of competence at the time of trial porceedings can be brought up under ineffective assistance of counsel, pursuant to a second or successive §2255, this is not the intent.

In closing, the petitioner would like to reiterate one fact: she is not an officer of the court; she is a pro se litigant, who, according to the Supreme Court, must be shown leniency when construing submitted motions. Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties. Estelle v. Gambel, 106, 97 S. Ct. 285 (1976). The facts remain in the submitted claim. Newly discovered evidence will prove that factors used to support a verdict of guilty, will ultimately be questioned. When there is question, there is doubt, which must lead to an evidentiary hearing to discern the truth.

Respectfully,

*Elaine Brown*
Elaine Brown                                                    Date *Jan. 6, 2015*

### CERTIFICATE OF SERVICE

I, Elaine Brown, certify that copies of the hereto motion were sent to the New Hampshire District Court (2 copies), at 55 Pleasant St., Concord, NH 03301

*Elaine Brown*
Elaine Brown                                                    Date *Jan. 8, 2015*